UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BAN AM EXPRESS, INC. | ) | CASE NO.: 14-10112(1)11 |
| | ) | |
| Debtor | ) | |

## MEMORANDUM OPINION

This matter came before the Court on August 21, 2014 for an evidentiary hearing on the Motion to Dismiss of Secured Creditor PBI Bank, Inc. ("PBI") and for Approval of the Disclosure Statement of Debtor Ban Am Express, Inc. ("Debtor").  The Court considered PBI's Motion and Supporting Memorandum of Law, the Response of the Debtor, the Reply of PBI, the Disclosure Statement filed by Debtor, the Objection of PBI, the testimony of the witnesses Makhlesur M. Rahman ("Rahman") and Miles McDonald, CPA, and the comments of counsel at the hearing.  For the following reasons, the Court will **SUSTAIN** the Objection of PBI to Debtor's Disclosure Statement and **GRANT IN PART** and **DENY IN PART** PBI's Motion to Dismiss.

## FACTUAL BACKGROUND

Debtor operates two motels, the Star Motel in Cave City, Kentucky, a 22 unit motel and the Countryside Inn, a 46 room inn in Leitchfield, Kentucky.  Debtor's principal, Makhlesur M. Rahman is the President and 100% owner of Debtor.  Debtor is indebted to PBI pursuant to certain promissory notes, copies of which are attached to PBI's Proofs of Claim Nos. 2 and 3 which are secured by Debtor's real property, improvements and fixtures.  PBI's Proof of Claim No. 2 is secured by a first perfected lien by Debtor's real property, improvements and fixtures located at 315 Commerce Drive, Leitchfield, Kentucky ("the Leitchfield Property") and a second perfected lien in

Debtor's real property, improvements and fixtures located at 908 Dixie Highway, Cave City, Kentucky ("the Star Motel") and a second perfected security interest in Debtor's real property, improvements and fixtures located at 821 Mammoth Cave Road, and a first perfected security interest in certain personal property used in the operation of the Star Motel.

PBI Proof of Claim No. 3 is secured by a first perfected security interest in Debtor's real property, improvements and fixtures located at 201 Hubbards Lane, Cave City, Kentucky.

On February 3, 2014, Debtor filed its Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

As of the date of the Petition, the outstanding balance owed to PBI by Debtor was $899,624.

On June 5, 2014, Debtor filed its Disclosure Statement and Chapter 11 Plan.

On June 13, 2014, PBI filed its Motion to Dismiss Case for Cause, or in the Alternative Motion to Convert Case to Chapter 7.

On August 21, 2014, the Court held an evidentiary hearing on approval of the Debtor's Disclosure Statement and Debtor's Motion to Dismiss. The Court heard testimony from Debtor's President and 100% shareholder, Makhlesur M. Rahman and PBI's expert witness Miles A. McDonald, MBA, CPA.

## **LEGAL ANALYSIS**

The Court heard evidence from the witnesses and considered the documentary evidence submitted by the parties on both Motions before the Court. The same evidence is applicable to both matters and therefore the Court will use the same evidence in considering both matters.

Under 11 U.S.C. § 1125(a)(1), the Debtor's Disclosure Statement must contain "adequate information" in sufficient detail as far as reasonably practicable in light of the nature and history of

the debtor and condition of the debtor's financial records. The information must be sufficient to inform all hypothetical reasonable investors to make an informed judgment about the plan. 7 Alan N. Resnick et al., COLLIER ON BANKRUPTCY, ¶1125.02[1] (16TH ED 2014). What is "adequate" is decided on a case by case basis and left largely to the discretion of the Bankruptcy Court. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1156-57 (5th Cir. 1988). While this Court has serious concerns about the feasibility of the Plan proposed by the Debtor, the Court need not make findings thereon because it determines the Disclosure Statement cannot be approved as containing inadequate information for unsecured creditors to determine how much and when their claims will be paid. This fatal flaw requires that the Court not approve the Disclosure Statement in its current form.

PBI's Motion to Dismiss the Case or Convert It to a Chapter 7 Proceeding is premised on 11 U.S.C. § 1112(b), which provides in pertinent part,

> . . . after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) the trustee or an examiner is in the best interests of creditors and the estate.

If cause for dismissal is demonstrated, the Court must grant a dismissal. The Court, however, has discretion, in addition to what is set forth in the statute, as to what constitutes cause on a case by case basis. *In re Laguna Assoc., Ltd. Partnership.*, 30 F.3D 734, 737 (6th Cir. 1994). The Court must then determine whether dismissal or conversion is in the best interests of the creditors and the estate. In this case, the evidence establishes that it is in the best interest of the creditors and the estate that the Disclosure Statement not be approved, but that the case not be dismissed for a limited period of time to allow the Debtor to sell the properties and get the best deal for the estate, the Debtor and its creditors.

The Debtor's proposed Plan provides that PBI's claims would be paid interest only payments while the properties are listed, marketed and sold within five years. Debtor proposes to sell the Star Motel within one year. The interest rate Debtor proposes to pay PBI is 3%.

The Debtor has two income producing properties, the Star Motel and the Countryside Inn, which suffered a devastating fire that extensively damaged that property. The Department of Health approved the property for reopening approximately two weeks prior to the hearing. Prior to that approval, Debtor made no income off this property. Debtor contends he could sell the Star Motel property within one year and that he has an offer of $200,000 for that property. This offer is not subject to the potential buyer's preapproval for financing. The Star Motel property has appraised for $320,000 in 2013.

During July and August of this year, Debtor made adequate protection payments of $3,500 per month to PBI. Debtor's principal candidly admitted that he has tried to refinance the debt to PBI without success. He also attempted to obtain capital investment but has also had no success on this front. He personally has no plans to put any further capital into the business. Debtor's business has operated at a loss for the last five months and he has made no payment on the loans to PBI. Despite this, Debtor has paid its President $2,800 per month.

PBI offered the expert testimony of Miles McDonald, MBA, CPA who analyzed the Debtor's Monthly Operating Reports for both motel operations. For four of the last six months, the Star Motel has operated at a loss. In May and June of 2014 the property showed a profit of only $400 but no debt service payments to PBI had been made. On an annualized basis, presuming the numbers used by the Debtor in the Monthly Operating Reports, a $70,000 loss is shown.

Debtor acknowledged that the first six months of this year have not been profitable. Debtor's President, however, is optimistic now that the Countryside Inn has been cleared to reopen since the fire and that the future is much brighter. He has increased the room rental rates by $10.00 per room and has more space available to rent. PBI's expert, however, after analyzing the Debtor's records sees very little that suggests that Debtor's future will be different than its past operating losses. Debtor's own reports bear this out. There is no possible way Debtor can fund the Plan as presently proposed. The loan to value ratio is 100% with no equity in the properties (other than on the old greyhound property) whatsoever. McDonald concluded that the Debtor simply cannot service the debt at any level and the 3% interest rate proposed is not feasible and puts the entire risk of loss on PBI.

While the Court has broad discretion in deciding whether to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b), the Court does not think conversion or dismissal at this juncture is in the best interest of the creditors of this estate. The Court believes that giving Debtor a short window of time to market and sell the properties will be in the best interest of the creditors. The Debtor's principal is highly motivated to get the best deal he can, which will inure to the creditors' best interests. Therefore, the Court will give the Debtor 21 days to file a 11 U.S.C. § 363 sale motion proposing a private or public sale of the properties. PBI must be adequately protected by Debtor's continued monthly adequate protection payments of $3,500 to PBI and Debtor must continue to timely file all operating reports and continuously maintain and insure the properties. Any default on any of these terms by the Debtor will result in the case being dismissed. Any short sale will be subject to Court approval. Finally, Debtor must close the sales of all the properties by December 31, 2014. An Order incorporating the Findings herein accompanies this Memorandum Opinion.

## **CONCLUSION**

For all of the above reasons, the Court will **DENY** approval of the Debtor's Disclosure Statement and **GRANT IN PART** and **DENY IN PART** the Motion of PBI to dismiss the case or convert it to a Chapter 7 proceeding.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 17, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                              )
                                                    )
BAN AM EXPRESS, INC.                                )    CASE NO.: 14-10112(1)11
                                                    )
               Debtor              )

### ORDER

Pursuant to the Court's Memorandum Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of PBI Bank, Inc., to Debtor's Disclosure Statement, be and hereby is, **SUSTAINED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Secured Creditor PBI Bank, Inc., be and hereby is, **GRANTED IN PART** and **DENIED IN PART** as set forth in the accompanying Memorandum Opinion.

*/s/ Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 17, 2014